**THRIFTY RENT–A–CAR SYSTEM, INC., Plaintiff,**

v.

**THRIFTY AUTO SALES OF CHARLESTON, INC., Defendant.**

No. 2:90–1276–18.

United States District Court, D. South Carolina, Charleston Division.

Dec. 23, 1992.

Marvin Infinger, Charleston, SC, Robert Sacoff, Washington, DC, for plaintiff.

Charles Altman, Charleston, SC, for defendant.

NORTON, District Judge.

## I. *Introduction*

Plaintiff Thrifty Rent–A–Car System, Inc. ("Thrifty Rent–A–Car") brought this action against defendant Thrifty Auto Sales of Charleston, Inc. ("Thrifty Auto"), pursuant to the United States Trademark Act, 15 U.S.C. § 1051 *et seq.*, 15 U.S.C. § 1125(a) and the common law of South Carolina. Plaintiff seeks to enjoin defendant from using the trademark "Thrifty" and seeks treble damages. Defendant counterclaimed for infringement. Plaintiff filed a motion for summary judgment. On December 3, 1991, this

court dismissed defendant's counterclaim for ripeness, ordered a trial on the issue of plaintiff's alleged laches, granted plaintiff's summary judgment motion as to the affirmative defenses of statute of limitations and estoppel by acquiescence. This court held in abeyance the plaintiff's motion for summary judgment as to infringement until the issue of laches is resolved.

This case regarding the issue of laches was tried before this tribunal, sitting without a jury, on October 27, 1992. Having considered the testimony and the exhibits admitted at trial and the pre-trial and post-trial briefs submitted to the court by the parties, this court now makes the following Findings of Fact and Conclusions of Law in accordance with Fed.R.Civ.P. 52(a).

## II. *Findings of Fact*

1. Plaintiff, Thrifty Rent–A–Car, is an Oklahoma corporation with its principal place of business at 5330 East 31st Street, Tulsa, Oklahoma.

2. Defendant, Thrifty Auto, is a South Carolina corporation with its principal place of business at 4002 Dorchester Road, Charleston Heights, South Carolina.

3. Thrifty Rent–A–Car licenses a nationwide system of local businesses to rent and lease automobiles and other vehicles under service marks including THRIFTY and THRIFTY CAR RENTAL.

4. Thrifty Rent–A–Car licensees have operated such vehicle rental and leasing businesses at various locations in the Charleston area since 1972. The particular business at issue in this case was owned by Harvey McCormick from 1972 to 1981; Edward McGrory from 1981 to 1984; Hoover Rent–A–Car, Inc. from 1984 to 1986; and Richard Services, Inc. from 1987 to the present.

5. Thrifty Auto was incorporated in 1978 and operated by William Gardner as a used-automobile sales business until 1986. The business was localized in the Charleston area during these years, and its only advertising was in the local Charleston newspaper, the *News and Courier*, at a cost of approximately $300 per month. For much of this time, there was only one sign on the premises displaying the name, but at some point a second sign was displayed. The company was listed in the Charleston white pages telephone directory, but did not advertise in the yellow pages.

6. Barbara McCormick operated the Thrifty Rent–A–Car Charleston licensee's business ("the licensee") until 1981. At some time after 1978, she became aware of Thrifty Auto. She was never made aware of any confusion between the two businesses and never communicated with Thrifty Rent–A–Car about the presence of Thrifty Auto.

7. Mr. Gardner testified that he received misdirected calls only about once or twice a month. In approximately 1984, Mr. Gardner allegedly telephoned the licensee to suggest that it change its name. He asked that Mr. Hoover, the licensee at that time, return his call, but Mr. Hoover never returned his call. Mr. Gardner never communicated directly with Thrifty Rent–A–Car.

8. Gary Frank bought Thrifty Auto from Mr. Gardner in 1986. Under Mr. Frank's direction, Thrifty Auto operated as both a wholesale seller of used cars to approximately thirty Charleston car dealers, and also as a retail seller of used cars to members of the general public. As of 1989, wholesale operations accounted for more than half of Thrifty Auto's business, but that proportion has been reduced somewhat since then.

9. When Mr. Frank bought Thrifty Auto from Mr. Gardner in 1986, he was not aware that Thrifty Rent–A–Car had a licensee operating in Charleston. Mr. Frank never paid any attention to Thrifty Rent–A–Car until the licensee moved its office to Montague Avenue. Further, he never communicated with Thrifty Rent–A–Car nor considered Thrifty Rent–A–Car to be a problem.

10. According to Tom Bonner, Vice President of the National Licensee Division for Thrifty Rent–A–Car, in August of 1989, Thrifty Rent–A–Car first learned from its Charleston licensee that a problem was occurring in the nature of misdirected calls and visits by people inquiring about used cars for sale by Thrifty Auto.

11. Thrifty Rent–A–Car investigated the matter through counsel and sent a letter to

Thrifty Auto, objecting to the use of its name, on January 26, 1990. After the exchange of several letters between counsel for the parties, this action was filed on June 11, 1990.

### III. Conclusions of Law

1. This is an action for service mark infringement under the United States Trademark Act, 15 U.S.C. §§ 1051 et seq., and for unfair competition under 15 U.S.C. § 1125(a) and the common law of South Carolina.

2. The court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1332(a), 28 U.S.C. § 1338(a), and 28 U.S.C. § 1338(b).

3. Laches is a valid defense to claims of infringement and unfair competition. Skippy, Inc. v. CPC Int'l, Inc., 674 F.2d 209 (4th Cir.), cert. denied, 459 U.S. 969, 103 S.Ct. 298, 74 L.Ed.2d 280 (1982). The defendant has the burden of proving laches. See Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). Defendant must prove that: (1) plaintiff knew of the infringing mark; (2) plaintiff's delay in challenging the mark was inexcusable or unreasonable; and (3) defendant will be prejudiced by plaintiff's delay. Brittingham v. Jenkins, 914 F.2d 447, 456 (4th Cir. 1990).

4. With regard to the first element, defendant must show that plaintiff knew or should have known about defendant's alleged infringement. Perini Corp. v. Perini Const., Inc., 715 F.Supp. 719, 724 (D.Md.1989), rev'd on other grounds, 915 F.2d 121 (4th Cir. 1990). In Perini, "[a]lthough there are suggestions that lower level employees may have learned of [the defendant] prior to 1981," plaintiff only learned of defendant's existence in 1981. Id. The plaintiff began to receive invoices meant for defendant and then began monitoring defendant. Id. The court found that plaintiff's two year delay in bringing suit was "not inexcusable." Id.

5. Knowledge is not inferred merely from listings in local telephone directories. National Trailways Bus System v. Trailway Van Lines, Inc., 269 F.Supp. 352, 359 (E.D.N.Y.1965). This court will not infer that Thrifty Rent–A–Car was aware of Thrifty Auto's use of the mark merely because Thrifty Auto was listed in white pages of the telephone book.

5. The preponderance of the credible evidence reveals that Thrifty Rent–A–Car did not learn of customers' confusion between its Charleston licensee and Thrifty Auto until Summer 1989. Thrifty Auto argues that the Charleston licensee knew of Thrifty Auto's use of the mark as early as 1978. Thrifty Auto argues that this knowledge is imputed to Thrifty Rent–A–Car. While it is true that Mrs. McCormick was aware of Thrifty Auto's existence as early as 1978, she did not perceive any confusion between the marks. Mr. Gardner called Thrifty Rent–A–Car once in 1984 about customer confusion, but there is no evidence that he ever discussed the issue with the licensee except to leave a phone message. Although defendant's witnesses testified that confusion may have existed before 1989, there was no proof that this problem was communicated to Thrifty Rent–A–Car or its licensee. Thus, for the purposes of the laches issue, this court finds that Thrifty Rent–A–Car first knew of possible infringement in approximately 1989.

6. With regard to the second element, defendant must show that plaintiff delayed unduly in taking action to stop the infringement. Perini, 715 F.Supp. at 724. Thrifty Rent–A–Car became aware of possible confusion between the marks in August 1989. Thrifty Rent–A–Car contacted Thrifty Auto in early 1990, objecting to the use of the name. This action was filed on June 11, 1990. It is the opinion of this court that Thrifty Rent–A–Car acted promptly to protect its rights and that there was no undue delay.

7. Because Thrifty Auto failed to prove the first two elements of the laches defense, this court finds it unnecessary to consider prejudice to Thrifty Auto. Further, because Thrifty Auto failed to show that Thrifty Rent–A–Car or its licensee knew of any infringement, this court finds it unnecessary to decide the issue of agency with respect to the relationship between Thrifty Rent–A–Car and its licensee.

■ 8. This court notes that a party's laches can bar either a request for injunction or for an accounting and damages.

> [W]hile federal courts in trademark and trademark infringement actions will not ordinarily refuse an injunction on account of plaintiff's laches in seeking relief, the cases have generally indicated that such laches may be a complete bar to plaintiff's right to relief by way of an accounting for profits and damages....

*Laches—Trademark Infringement*, 14 A.L.R.Fed. 346 (1973). This court's finding with respect to laches extends to plaintiff's request for an injunction and damages.

8. On November 5, 1992, Thrifty Rent–A–Car renewed its motion for summary judgment on the issue of infringement. Since this court finds for Thrifty Rent–A–Car on the issue of laches, this court is now prepared to decide the issue of infringement. Further hearings on this issue are unnecessary. The parties have until January 15, 1993 to submit additional briefs on the issue of infringement.

For the foregoing reasons, it is hereby

**ORDERED** that judgment be entered in favor of plaintiff, and against defendant, on the affirmative defense of laches. It is further

**ORDERED** that the parties have until January 15, 1993 to submit additional briefs on plaintiff's motion for summary judgment on the issue of infringement.

**IT IS SO ORDERED.**